IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUSTIN MICHAEL CREDICO : CIVIL ACTION
: 
v. : 
: 
ALLIED SECURITY HOLDINGS, LLC, : NO. 12-2303
et al. :

MEMORANDUM

SÁNCHEZ, J.                                                OCTOBER 30th, 2013

    Plaintiff Justin Michael Credico, brings this action primarily based on events that took place at the Chester County Library and the Exton Square Mall. The Court will grant plaintiff leave to proceed *in forma pauperis* because he has satisfied 28 U.S.C. § 1915(a), and dismiss his complaint with prejudice because it fails to state a claim.

I.   FACTS

    Plaintiff is suing twelve defendants, including the Exton Square Mall, security companies that provide security at the mall, employees of those security companies, officials of the United States Department of Defense, a member of the Pennsylvania House of Representatives, and members of local government in Chester County. Plaintiff's claims appear to be based the following assertions: (a) an official of the Pennsylvania government violated the Hatch Act by holding two jobs; (b) the official's office at the Chester County Library "violates privacy" by "allow[ing] the systems to stay logged in"; (c) the government won't release plaintiff's grades; (d) plaintiff received a text message from an "unknown guard" stating "In the

1

army I kill people for a living"; (e) plaintiff was kicked out of the Exton Square Mall by mall management and the company that provides security at the mall; (f) local officials wanted plaintiff to be arrested; and (g) plaintiff was kicked out of the local library on an occasion when he was attempting to research this lawsuit.

## II. DISCUSSION

As plaintiff is proceeding in forma pauperis, the Court must dismiss his complaint if, among other things, it fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). That standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

The complaint in this case draws various legal conclusions and cites several laws. However, "legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements" do not state a claim for relief. Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). The factual matter recited in the complaint simply does not give rise to a plausible claim against any of the defendants. See Smith v. Wilkes Barre Police Officer Badge No.

667, 517 F. App'x 63, 65 (3d Cir. 2013) (per curiam) (using "judicial common sense" to conclude that the complaint "[did] not state a plausible claim for relief" (citing Iqbal, 556 U.S. at 679)). As the Court cannot discern a viable claim against any of the named defendants based on plaintiff's allegations, he will not be given leave to file an amended complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

### III. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.